# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAWNTELL FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 940 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BARBARA BUSCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 1904 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DIANE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 1907 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHARON WILDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 1909 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KEVIN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 2094 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Shawntell Frye's motion [16] to remand is granted. Plaintiff Barbara Busch's motion [17] to remand is granted. Plaintiff Diane Thompson's motion [14] to remand is granted. Plaintiff Sharon Wildman's motion [16] to remand is granted. Plaintiff Kevin Carter's motion [17] to remand is granted.

All other pending motions in these cases are denied as moot. All pending dates in these cases are stricken. These cases shall be remanded to the Circuit Court of Cook County, Law Division.

## STATEMENT

In an apparent attempt to avoid the federal jurisdiction conferred by the Class Action Fairness Act (28 U.S.C. § 1332(d)), which requires only minimal diversity (at least one plaintiff diverse from at least one defendant), plaintiffs' attorneys have filed dozens of single-plaintiff cases alleging the same claims against defendant Johnson & Johnson and (here in Illinois at least) have added as a defendant Walgreen Co., which, like each plaintiff, is a citizen of Illinois.

Defendants removed these three cases to this court, arguing that plaintiffs fraudulently joined Walgreen Co. in order to defeat diversity jurisdiction, which requires that every plaintiff be diverse from every defendant.

Because so many of these single-plaintiff cases against Johnson & Johnson have been filed, many have been transferred to the District of New Jersey by the Panel on Multi-District Litigation. The Panel has issued and stayed a Conditional Transfer Order ("CTO") with respect to Shawntell Frye's case but has not issued a CTO as to the other cases. In any event, a CTO does not affect the jurisdiction of this Court to consider a motion for remand. *See* MultiDistrict Rules of Procedure 2.1(d) ("The pendency of a conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."); *Illinois Mun. Ret't Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004) ("We are satisfied . . . that [a district court] does not [exceed its authority] when it rules on its own jurisdiction. . . . We will not require a district court that believes it lacks subject matter jurisdiction over a case to facilitate a transfer under §1407, a statute that does not itself confer jurisdiction.").

Plaintiffs argue that these cases should be remanded, because defendant Walgreen Co. and plaintiffs are citizens of the same state. Defendant argues that plaintiffs fraudulently joined Walgreen Co. (against whom defendants believe plaintiffs will not succeed) solely to defeat jurisdiction.

As the Seventh Circuit has explained:

Like many legal doctrines, 'fraudulent joinder' is misnamed, since . . . proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction—all that's required is proof that the claim against the non-diverse defendant is *utterly groundless, and as a groundless claim does not invoke federal jurisdiction*.

*Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (emphasis added) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *McCurdy v. Sheriff of Madison Cty*, 128 F.3d 1144, 1145 (7th Cir. 1997) ("A frivolous suit does not engage the jurisdiction of the federal courts.")).

Defendants argue plaintiffs will not succeed against Walgreen Co., which has already filed motions to dismiss outlining the reason why plaintiffs' complaints fail to state a claim against Walgreen Co. That is not enough. Defendants must show not just that plaintiffs fail to state a claim but also that plaintiffs' claims are utterly groundless such that they do not engage the jurisdiction of federal courts. Defendants have not attempted to do so. In a very similar case, Judge St. Eve carefully considered each of the plaintiffs' claims against Walgreen Co. and concluded defendants had failed to show plaintiffs had no reasonable chance of success. *Harris v. Johnson & Johnson*, Case No. 17 C 2889, docket [31], slip op. at 5 (N.D. Ill. May 30, 2017). Defendants have not attempted to distinguish *Harris*, and the Court agrees with the reasoning in that case.

Accordingly, the Court grants plaintiffs' motions for remand.

**SO ORDERED.**          **ENTERED: 4/20/18**

**JORGE L. ALONSO**
**United States District Judge**